## T. F. FLAHERTY v. A. L. DAVENPORT AND OTHERS.[1]

July 11, 1924.

No. 24,014.

**Motion to set aside mortgage foreclosure sale denied.**

Where an attorney who foreclosed a mortgage had authority to bid in the property at the sale, the fact that his client had failed to notify him of the amount to be bid, and that he bid it in for the full amount due, furnishes no ground for setting aside the sale.

Application to the district court for Mower county to correct a judgment entered in an action to foreclose a mortgage, to annul the sale and for a resale of the real estate. From an order, Peterson, J., denying his application, plaintiff appealed. Affirmed.

*Hallam, Todd, Fosnes & Sterling* and *Hanson & Schaupp*, for appellant.

*Meighen, Knudson & Sturtz*, for respondents.

TAYLOR, C.

Plaintiff held a second mortgage of $3,450 on two quarter sections of land in Mower county subject to a first mortgage of $30,800. Defendant Refshauge purchased the land and assumed and agreed to pay the mortgages. Plaintiff and Refshauge are both residents of Iowa. Plaintiff foreclosed his mortgage by action, and at the sale held on October 25, 1923, the property was bid in for him by his attorney for the full amount of the judgment, and the sale was thereafter confirmed in due form. The judgment included an item of $1,540 for interest which plaintiff had paid on the first mortgage. After commencing the action to foreclose his mortgage, plaintiff brought an action against Refshauge in Iowa by Iowa attorneys to recover the interest which he had paid on the first mortgage, and, on September 26, 1923, obtained a judgment therefor which was a lien on real estate in Iowa. On November 26, 1923, plaintiff applied to the district court of Mower county to set aside and annul

[1]Reported in 199 N. W. 904.

the foreclosure sale on the ground that his attorney had no authority to bid in the property for him. The court denied this application and plaintiff appeals.

Plaintiff bases his appeal on the proposition that an attorney, by virtue of his employment, has no authority to bid in property for his client at a foreclosure sale. There is no occasion to consider this question, for the affidavits of both plaintiff and his attorney fully justified the court in holding that the attorney had actual authority to bid in the property in this instance. Both affidavits, in effect, concede that the attorney was to bid in the property. The claim, in substance, is that plaintiff had failed to inform his Minnesota attorney of the rendition of the Iowa judgment, and had failed to notify him of the amount to bid at the sale. In his affidavit plaintiff states:

"That affiant had not finally advised or informed his attorney for how much he should bid in said premises, and had not authorized him at the date to bid it in for the full amount of principal, interest and costs of the foreclosure proceedings."

That an attorney authorized to bid in property at a foreclosure sale, without instructions as to the amount to be bid, bids it in for the full amount of the claim furnishes no ground for setting aside the sale.

Order affirmed.